SAVOY, Judge.
Defendant appealed to this Court from a judgment of the district court granting plaintiff a deficiency judgment against defendant.
Initially, plaintiff filed a suit against the defendant stating that it was the holder in due course of a note for which it paid valuable consideration, which note was signed by defendant as maker. To secure the payment of said note, defendant executed a chattel mortgage affecting a certain described vehicle which he owned. Upon defendant’s failure to pay the installments as set forth in the note, plaintiff proceeded by -executory process. The property was sold subject to appraisement. After the sale thereof there remained an unpaid balance on said note. Plaintiff filed the instant suit praying for a deficiency judgment against defendant.
Defendant filed what he termed an answer and reconventional demand denying all the allegations of the petition except that he signed the note. In his answer or reconventional demand, he stated that the automobile which he purchased in this case was not fit for the purpose for which it was sold and asked that the sale be set aside, and the amount paid on the purchase price be refunded to him. He also filed an exception to the jurisdiction, but this has been abandoned since the suit was tried on the merits and no issue is raised as to this issue in this Court.
The trial court determined that plaintiff, a subsidiary of General Motors Corporation, had purchased the note from Lowery Chevrolet, Inc. who had sold the car to defendant; that plaintiff was a holder in due course and for valuable consideration; and, awarded plaintiff judgment as prayed for.
In his brief counsel for defendant complains there was such a close relationship between plaintiff and Lowery Chevrolet, Inc. that plaintiff was not a holder in due course; that defects showed up in the car purchased shortly after the purchase; and, because of the defects in the car, the sale should be set aside, and plaintiff’s demand rejected.
After an examination of the record we are in complete accord with the trial judge.
While it is true that Lowery Chevrolet, Inc. sold many of its notes to plaintiff and used the form of the note and chattel mortgage prepared by plaintiff, it also sold papers to other parties. There is no showing in the record that the note in question was not regular and complete on its face at the time the defendant signed it, or that plaintiff had any knowledge of any infirmities existing between Lowery and defendant.
In the case of Commercial National Bank in Shreveport v. Calk, 207 So.2d 578 (La.App. 3 Cir. 1968), this Court held that the mere fact that there was a close connection between the purchaser of a note and the payee does not have the effect of defeating plaintiff’s right to recover as a holder in due course.
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.